UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KOUKOU BABASIAN,

      Petitioner,

   v.                              Case No.:  2:26-cv-01187-SPC-NPM

WARDEN, FLORIDA SOFT SIDE
SOUTH *et al.*,

      Respondents,

_____/

## OPINION AND ORDER

Before the Court are petitioner Koukou Babasian's Petition for Writ of Habeas Corpus (Doc. 1), the government's response (Doc. 14), and Babasian's reply (Doc. 16).  For the below reasons, the Court grants the petition.

Babasian is a native of Lebanon who was admitted into the United States as a lawful permanent resident on April 7, 1996.  In 2001, Babasian pled guilty to drug charges and was sentenced to probation.  Immigration and Customs Enforcement ("ICE") detained Babasian from March 3, 2015, to October 8, 2015, when it released him on an order of supervision.  An immigration judge ordered Babasian removed to Lebanon but also granted withholding of removal.  Babasian has fully complied with the terms of supervision, and he has not been charged or convicted of any other crimes.

On March 20, 2026, Babasian reported to ICE for a routine check-in, and ICE revoked his release and detained him.  He is currently detained at

Alligator Alcatraz.  Babasian challenges the legality of his detention under the Fifth Amendment and *Zadvydas v. Davis*, 533 U.S. 678 (2001).

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Attorney Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final.  *Id.* Detention may continue after the removal period, but not indefinitely.

In *Zadvydas*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute."  533 U.S. at 700-01 (2001).  If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal."  *Id.* at 699.  The Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]." *Id* at 701.  So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days.  *Id.*  Courts use a burden-shifting framework to judge the constitutionality of additional post-removal detention:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably

foreseeable future, the Government must respond with evidence sufficient to rebut the showing.

*Id.*

The respondents argue Babasian's petition is premature because his current detention has not exceeded 180 days. They assume a six-month presumptively reasonable period of detention starts each time a noncitizen is detained. That assumption is inconsistent with *Zadvydas*. It would effectively allow DHS to detain noncitizens indefinitely and avoid judicial scrutiny by releasing and re-detaining them every 180 days. As the Eleventh Circuit recognized, "[t]he Supreme Court's stated rationale for establishing a presumptively reasonable '6-month period' for detention pending removal supports our conclusion that this period commences at the beginning of the removal period." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 n.3 (11th Cir. 2002).

Because the six-month period for presumptively reasonable detention has expired, *Zadvydas*'s burden-shifting framework applies. Babasian has carried his initial burden by showing a good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future. The government cannot remove Babasian to Lebanon, and it has taken no steps towards removal to a third country. The burden thus shifts to the respondents, but they make no attempt at rebuttal.

The Court finds no significant likelihood Babasian will be removed in the reasonably foreseeable future. He is entitled to release from detention under *Zadvydas*. If removal becomes likely in the reasonably foreseeable future, ICE can detain Babasian to "assur[e] [his] presence at the moment of removal." *Zadvydas*, 533 U.S. at 680.

Accordingly, it is hereby

**ORDERED:**

Koukou Babasian's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

1. The respondents shall release Babasian within 24 hours of this Order, and they shall facilitate his transportation from the facility by notifying his counsel when and where he can be collected.

2. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on April 29, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record